**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MERRILL PRIMACK, an individual, | ) | |
| | ) | Civil Action No. 08 C 4539 |
| Plaintiff, | ) | |
| | ) | Hon. Robert M. Dow, Jr. |
| v. | ) | Presiding Judge |
| | ) | |
| PEARL B. POLTO, INC., a | ) | Hon. Michael T. Mason |
| Pennsylvania corporation, | ) | Magistrate Judge |
| | ) | |
| And | ) | |
| | ) | |
| PEARL B. POLTO, an individual | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS COMPLAINT**

## I.    INTRODUCTION

Pearl B. Polto, Inc. is a Pennsylvania Corporation with no offices, employees, property, advertising, sales, or agents, in Illinois. Likewise, Ms. Polto does not reside or work in Illinois, or otherwise have any systematic contacts with the state. Nonetheless, Primack's complaint concludes that there is personal jurisdiction over Pearl B. Polto, Inc. and Ms. Polto (Defendants) without mentioning a single allegation of personal jurisdiction.[1]

Primack also refers to Defendants' alleged "internet website" as a basis for finding venue — not personal jurisdiction — in the district.[2] The website, however, is

---

[1] Complaint at ¶1.

[2] Complaint at ¶2.

operated exclusively by Ms. Polto's publisher. Additionally, recent Illinois case law suggests that mere advertisement or solicitation of business through a website is not enough to sustain personal jurisdiction under either the long-arm statute of Illinois or under the Fourteenth Amendment's Due-Process Clause. The Court, therefore, should dismiss this action against Defendants for lack of personal jurisdiction.

Also, Defendants move to dismiss the complaint as the exercise of jurisdiction in Illinois would be unreasonable. The Court should direct Primack to pursue his claims in the Eastern District of Pennsylvania.

## II.    STATEMENT OF THE ISSUE TO BE DECIDED

Whether this Court has personal jurisdiction over Defendants.

## III.   FACTUAL BACKGROUND

Pearl B. Polto, Inc. is a private company incorporated in Pennsylvania, solely owned by Ms. Polto.[3] Pearl B. Polto, Inc. has not, and presently does not, have any contacts with the State of Illinois or its residents. Specifically, Pearl B. Polto, Inc. does not:

- Maintain or conduct any business in Illinois;

- Own, use, or possess any real property in Illinois;

- Have any employees, representatives, or registered agents in Illinois; or

- Advertise in Illinois or specifically solicit Illinois residents.[4]

---

[3] Declaration of Pearl B. Polto in support of Defendants' Motion to Dismiss (hereinafter "Polto Decl.") at ¶2.

[4] Polto Decl. at ¶3.

Likewise, Ms. Polto lives in Philadelphia, Pennsylvania, and provides credit counseling services from her apartment there, vis-à-vis Pearl B. Polto, Inc.[5] She has never resided or worked in Illinois.[6]

Over the past 20 years, Ms. Polto has authored several books on consumer-credit counseling, including a book entitled "*Credit Lifeline.*" This book was published in 2002,[7] almost six years before Primack registered his alleged trademark in May of 2008. Specifically, Authors & Artists Publishers of New York, Inc. (AAPN), a New York company, published the *Credit Lifeline* book, and controls advertising and sales associated with it.[8]

For instance, one way in which AAPN markets the *Credit Lifeline* book is through a website, www.pearlpolto.com, (the "Polto website"), the homepage of which is attached to Primack's Complaint. AAPN exclusively operates and maintains the Polto website, not the Defendants.[9]

Since 2005, AAPN (**not the Defendants**) sold only about 30 copies of the *Credit Lifeline* book.[10]

Ms. Polto visited Illinois once in her lifetime back in 2006 (prior to the registration of Primack's mark). Ms. Polto flew into Chicago for the purpose of providing a workshop

---

[5] *Id.* at ¶2.

[6] *Id.* at ¶3.

[7] *Id.* at ¶¶4-5.

[8] *Id.* at ¶5.

[9] *Polto Decl.* at ¶6.

[10] *Id.* at ¶7.

on consumer credit arranged by a friend. Indeed, Ms. Polto conducted no business while she was in Chicago, because no one showed-up to attend her workshop. Essentially, she flew in from Philadelphia, and after an hour of waiting at the site (a church in the Chicago area) she took another flight immediately back to Philadelphia.[11]

## IV.    ARGUMENT: THIS CASE MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION OVER DEFENDANTS[12]

The plaintiff has the burden of establishing a prima facie case that personal jurisdiction is proper.[13] In a case based on diversity jurisdiction, the federal court applies the personal jurisdiction rules of the forum state provided the exercise of jurisdiction comports with due process.[14] The Illinois long-arm statute allows Illinois' courts to exercise jurisdiction on any basis allowable under the United States Constitution.[15] Accordingly, whether the Court has personal jurisdiction over Defendants thus depends on whether Primack can show sufficient "minimum contacts" of Defendants with Illinois.

The degree to which a court can exercise jurisdiction depends on the nature and extent of a defendant's contacts with a forum state. A court may exercise specific jurisdiction only if, among other things, the plaintiff's claim arises from or relates to the

---

[11] *Id.* at ¶8.

[12] *See* Fed. R. Civ. P. 12(b)(2).

[13] *See Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998).

[14] *Id.* at 714; Fed. R. Civ. P. 4(e).

[15] *See RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272 (7th Cir. 1999) (citing 735 Ill. Comp. Stat. 5/2-209(c) (West 2008) (providing that an Illinois court "may … exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States")).

defendant's contacts with the forum. [16] For a court to exercise general jurisdiction, a defendant's contacts with the forum must be continuous and systematic, and "so substantial of such nature as to justify suit against [the defendant] on causes of action arising from dealings *entirely distinct* from those activities."[17] Primack cannot demonstrate that the exercise of either specific or general jurisdiction over Defendants is proper in this case.

### A. The Court Lacks Specific Jurisdiction Over Defendants

Because this case does not arise from or relate to any contact Defendants have or had with Illinois, the Court has no specific jurisdiction over them. In the Seventh Circuit to establish specific jurisdiction, "a plaintiff must show that the defendant has purposefully availed itself of the privilege of conducting activities within the forum state, …, and that the exercise of personal jurisdiction over the defendant would comport with 'traditional notions of fair play and substantial justice.'"[18] The Supreme Court has observed that even one contact in the forum state can be sufficient to establish specific jurisdiction if the contact creates a "substantial connection" with the forum state and if the suit is related to that connection.[19]

In this case, Primack has not set forth a prima facie case that this Court has specific jurisdiction over Defendants. Indeed, Primack has not made any allegations

---

[16] *See Jennings v. AC Hydraulic A/S,* 383 F.3d 546, 549 (7th Cir. 2004) (Citations Omitted).

[17] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945).

[18] *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 549 (7th Cir. 2004) (citations omitted).

[19] *See McGee v. Int'l Life Ins. Co.,* 355 U.S. 220, 223 (1957) (holding that a California court properly exercised its jurisdiction over a Texas insurance company because the contract at issue was delivered in California, the premiums were mailed from that state, and the insured was a resident of California).

concerning personal jurisdiction in his complaint. Even if he had set forth allegations on this issue, Primack cannot establish that specific jurisdiction over Defendants is proper in this case.

In paragraph two of Primack's complaint, which addresses venue, Primack refers to Defendants' "internet website advertising and promotion and other promotion and media advertising within said district."[20] The website, however, cannot confer jurisdiction over Defendants, because Defendants do not own or maintain the website. Instead, Ms. Polto's publisher, AAPN, exclusively operates the Polto website through an agreement between Polto and AAPN.[21]

Even if the Court determines that Ms. Polto, is responsible for the Pearl Polto website, Primack still cannot establish personal jurisdiction over Defendants because the maintenance of a website, whether interactive or passive, is not enough to confer personal jurisdiction under developing Illinois case law. Although some Illinois courts have treated passive and interactive websites differently for purposes of the personal jurisdiction analysis, recent case law in Illinois suggests that website advertising by itself, regardless of the level of passivity or interactivity, is insufficient to confer personal jurisdiction over a defendant.

An Illinois Appellate Court, in *Howard v. Missouri Bone and Joint Center, Inc.*,[22] held that "the web page's level of interactivity is irrelevant" to the personal jurisdiction

---

[20] Complaint at ¶2.

[21] *Polto Decl.* at ¶6.

[22] 373 Ill.App.3d 738, 869 N.E.2d 1175 (3d Dist. 2005).

inquiry.[23] The court explained that "an ad on the Internet is no different than an ad in any other medium that provides a telephone number or any other means to connect a potential defendant. It is mere advertisement or solicitation of a business."[24] It then observed that "Illinois courts have long held that a mere advertisement or solicitation is not enough to sustain personal jurisdiction."[25]

The United States District Court for the Northern District of Illinois, in an unpublished decision, relied upon the reasoning of *Howard* and agreed that Internet advertising cannot, by itself, confer personal jurisdiction, regardless of whether the site is interactive or passive.[26] In *Linehan*, the Court observed that the defendant's Internet site did not specifically target Illinois residents with its advertising, nor did the defendant own any real estate, have offices in Illinois, or employ agents in Illinois.[27] By equating internet advertising with other types of more traditional advertising, the *Linehan* Court reasoned that its result was consistent with the Seventh Circuit's decision in *Jennings v. AC Hydraulic A/S*,[28] which explained that technological advances may not "eviscerate the constitutional limits on a state's power to exercise jurisdiction over nonresident defendants."[29]

---

[23] *Howard*, 373 Ill.App.3d at 743, 869 N.E.2d at 207.

[24] *Id.* at 743, 869 N.E.2d at 212.

[25] *Id.*, 869 N.E.2d at 212.

[26] *See Linehan v. Golden Nugget*, 2008 WL 4181743 (N.D.Ill. Sept. 5, 2008).

[27] *Linehan*, 2008 WL 4181743 at *4.

[28] 383 F.3d 546 (7th Cir. 2004).

[29] *See Linehan*, 2008 WL 4181743 at *6 (quoting *Jennings*, 383 F.3d at 550).

Based upon the reasoning in *Howard* and *Linehan*, Plaintiff cannot establish specific jurisdiction over Defendants.  As in *Linehan*, the Polto website does not specifically target Illinois residents with its advertising, nor do Defendants own any real property in Illinois, employ any agents in Illinois, or otherwise have any contacts in Illinois.

As an aside Ms. Polto had visited Chicago in 2006 (prior to registration of Primack's mark) for the purpose of providing a workshop on consumer credit. Although Ms. Polto visited Chicago, the contact does not rise to the level of a "substantial" contact, which is required by the Due Process Clause. Indeed, Ms. Polto conducted no business while she was in Chicago, because no one showed-up to attend her workshop. Essentially, she flew in from Philadelphia, and after an hour of waiting at the site (a church) she took another flight immediately back to Philadelphia. This entrance into Illinois was clearly insubstantial, and not enough to justify asserting personal jurisdiction over the Defendants.[30]

Also, the Polto website and Ms. Polto's visit to Chicago do not constitute minimum contacts in Illinois sufficient to confer personal jurisdiction.

---

[30] *See, e.g., Scherr v. Abrahams*, 1998 WL 299678, *4 (N.D. Ill. 1998) (observing that the court could not assert personal jurisdiction over the defendant publisher, which had fewer than 60 subscribers in Illinois (constituting approximately 3% of its total distribution) because, *inter alia*, the defendant's entrance into Illinois was insubstantial").

## B.    Defendants Are Not Subject To General Jurisdiction In Illinois

Primack has not and cannot articulate any theory supporting general jurisdiction

over Defendants. For a court to exercise *general* jurisdiction, a defendant's contacts

with the forum must be continuous and systematic, and "so substantial and of such a

nature as to justify suit against [the defendant] on causes of action arising from dealings

*entirely distinct* from those activities."[31] As the Seventh Circuit has explained, to

exercise general jurisdiction, a defendant's contacts must be of such a nature and

number that "it would be fundamentally fair to require it to answer in [the subject court]

in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in

the world.[32]

Primack cannot meet this fairly high standard. Factors to be taken into

consideration are whether the defendant makes sales, solicits or engages in business in

the state, serves the state's markets, designates an agent for service of process, is

incorporated there, and so forth.[33] Defendants have done none of these things.

Specifically, Defendants do not conduct any business in Illinois, own or possess any

real property in Illinois, have any employees or agents in Illinois, or advertise in Illinois.

Likewise, Ms. Polto does not reside in Illinois, or work in Illinois, or otherwise

have any systematic contacts with the state. Additionally, her brief entrance in Illinois

back 2006, is also insufficient to establish general jurisdiction, as no business was

---

[31] *Int'l Shoe,* 326 U.S. at 318 (emphasis added).

[32] *Purdue Research Found v. Sanofi-Sythelabo S.A.*, 338 F.3d 773, 787 (7th Cir. 2003) (emphasis in original).

[33] *See Gates LearJet Corp. v. Jensen,* 743 F2d. 1325, 1331 (9th Cir. 1984).

conducted during her brief visit.[34] Thus, general jurisdiction over either Defendant in this matter is improper under because neither have continuous or systematic contacts with the State of Illinois.

### C. Exercise of Jurisdiction Here Would be Unreasonable

Further, subjecting Defendants to the jurisdiction of this Court does not comport with traditional notions of fair play and substantial justice. The Supreme Court, in *Burger King v. Rudzewicz*,[35] observed that, aside from the minimum contacts analysis, an exercise of personal jurisdiction must comport with "fair play and substantial justice."[36] Thus, even if a plaintiff can establish that a defendant has sufficient contacts in a forum state to justify an assertion of personal jurisdiction, a court should not exercise its authority if the assertion of jurisdiction does not comport with notions of fair play and substantial justice.[37] In conducting this analysis, the Court has considered such factors as, the burden on the defendant, the interest of the forum state in resolving the dispute, the interest of the plaintiff in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining an efficient resolution of issues, and the interest of all of the states in furthering substantive social policies.[38]

Even if Primack can establish that personal jurisdiction over Defendants is proper, requiring Defendants to litigate in Illinois would be fundamentally unfair. Ms.

---

[34] Polto Declaration at ¶8.

[35] 471 U.S. 462, 476 (1985).

[36] *Burger King*, 471 U.S. at 477 (citing *Int'l Shoe*, 326 U.S. at 320).

[37] *Id.*

[38] *Id.*

Polto, as a consumer advocate, and does not have the available resources to litigate this matter in Chicago. The cost and time involved in traveling to Chicago would create an undue hardship on her and her ability to carry out her work. As Ms. Polto resides in Pennsylvania, and her business is incorporated in Pennsylvania, Primack is able to bring suit in Pennsylvania. Primack, therefore, is not without a forum for his claims if this Court dismisses Primack's complaint.

## V.     CONCLUSION

Primack's jurisdiction allegations in this case are conclusory and fall well short of those necessary to establish personal jurisdiction over Defendants. Also, Defendants' alleged operation of a website is insufficient to support jurisdiction, as Defendants do not own or operate the "Polto website." Rather, the Polto website is exclusively operated by Ms. Polto's publisher AAPN. Even if the Court attributes the Polto website to Ms. Polto, recent Illinois case law suggests that mere advertisement or solicitation of business through a website is not enough to sustain personal jurisdiction in Illinois. Accordingly, for all the reasons above, the Court should dismiss this case against the Defendants.

Dated October 10, 2008

Respectfully submitted,
*/s/ Patricia Kane Schmidt*
One of the Attorneys for Defendants
Pearl B. Polto, inc., and Pearl B. Polto

Patricia Kane Schmidt
(pschmidt@bellboyd.com)
BELL, BOYD & LLOYD LLP
Three First National Plaza
70 West Madison Street, Suite 3300
Chicago, Illinois 60602
(312) 372-1121

11

## CERTIFICATE OF SERVICE

I hereby certify that (1) I am an attorney admitted to appear before this Court and (2) I caused a true and correct copy of the foregoing **Memorandum In Support Of Defendants' Motion To Dismiss Complaint** to be served upon:

Via ECF:

David C. Van Dyke
Renee Marie Zelinski
Cassiday Schade LLP
20 North Wacker Drive
Suite 1040
Chicago, Illinois 60606-2903

this 10th day of October, 2008.

*/s/ Patricia Kane Schmidt*
One of the Attorneys for Defendants